FRANCESCHI ET AL. *v.* SAMBOLÍN ET AL.

APPEAL from the District Court of Mayaguez.

No. 80.—Decided February 6, 1906.

CONTRACTS—WHO MAY ALLEGE NULLITY THEREOF.—The nullity of contracts can be alleged only by parties personally or subsidiarily obligated by virtue thereof.

ID.—THIRD PERSONS PREJUDICED BY OBLIGATION.—The provisions of section 1269 of the Civil Code do not deprive third parties who are prejudiced by an obligation of the right to prosecute an action for the annulment of contracts in which such obligations are contained.

ID.—CREDITORS—FRAUD.—Creditors may attack the acts which the debtor may have performed in fraud of their rights, but in order to do so it is necessary that the creditor shall prove fraud or that the contract shall have been executed in prejudice to his interest.

STATEMENT OF THE CASE.

A hearing was had of the declaratory action of greater import, prosecuted in the former District Court of Mayaguez, by Damián Franceschi and J. Tornabells & Co., as plaintiffs, against Santiago Sambolín y Montalvo and Gavino Garces y Ramírez, the latter personally and in representation of his legitimate daughter, Carmen Julia Garces y Lugo, as defendants, in the matter of an intervention of preferred right. The proceedings are pending before us by virtue of an appeal in cassation for an error of law, now appeal, taken by the defendants from the judgment rendered by the said district court, which reads as follows:

"*Judgment.*—In the city of Mayaguez, September 27, 1902. An

oral and public hearing was had in this declaratory action prosecuted in this court by Damián Franceschi and J. Tornabells & Co., represented by Attorney Antonio Manrique de Lara, as plaintiffs, against Santiago Sambolín y Montalvo and Gavino Garces y Ramírez, the latter personally and in representation of his legitimate daughter, Carmen Julia Garces y Lugo, represented by Attorney José de Diego, as defendants, in the matter of an intervention of preferred right.

"1. Attorney Antonio Manrique de Lara, on behalf of Damián Franceschi and J. Tornabells & Co., filed a complaint in intervention of preferred right in this court, against Santiago Sambolín and Gavina Garces y Ramírez, the latter personally and in representation of his minor daughter, Carmen Julia Garces y Lugo, alleging that in the declaratory action prosecuted by Gavilán Garces Nazario on behalf of his minor son, Gavina Garces Ramírez, the latter in his turn on behalf of his minor daughter, Carmen Julia, against his clients and others, involving the annulment of proceedings for division and other matters, judgment was rendered in favor of the defendants on September 21, 1900, with the costs against the plaintiffs; that upon said judgment becoming final, the taxation of the costs was proceeded with and were found to amount to $1,176.71, American money, to enforce the payment of which 3 houses situated in the *barrio* of Marezúa, municipal district of San German, were attached, the said houses having the boundaries set forth in the second statement of fact of the complaint, a cautionary notice of this attachment being recorded in the Registry of Property of San German; that two complaints were filed in an oral civil action in November, 1901, by Santiago Sambolín against Gavino Garces Ramírez, the latter in his own right and on behalf of his daughter Carmen Julia, for the recovery of payment of 2 notes, one for 600 *pesos,* provincial currency, and the other for 610, in which action judgment was rendered in favor of the defendants; and in the execution of this judgment an attachment was levied on the same 3 houses, situated in the *barrio* of Marezúa, municipal district of San German, to which reference has been made, their sale at public auction being advertised to take place on March 18th last; that the documents upon which Sambolín based his action consisted of the 2 promissory notes aforementioned, signed by Monserrate Lugo de Garces and her husband, Gavino Garces Ramírez, dated May 9, 1894, the note for 600 *pesos* maturing in the month of November, 1899, and that for 610 *pesos* in December of the same year; that a cautionary notice of the attachments levied was recorded in the Registry of Property of San German, December 17, 1901; and that Mrs. Monserrate Lugo, as well as her husband,

Gavino Garces Ramírez, were minors at the time of signing these obligations in favor of Sambolín; the complaint prayed that after the legal proceedings judgment be rendered upholding the right of his clients to recover the claim for costs taxed against the minor, Carmen Julia, by reason of the proceedings prosecuted by her legal representatives against the present plaintiffs in intervention involving a number of annulments, with preference to the credits of Santiago Sambolín above referred to, and with the costs against the defendants.

"2. The complaint having been admitted and referred to the defendants, answer was made by Attorney Diego, first on behalf of Santiago Sambolín and then on behalf of Gavino Garces Ramírez, denying all the allegations of the plaintiff for the reasons set forth in his answers dated April 25th and June 5th last, appearing at folios 40 and 45 of this record, and praying therein for the dismissal of the complaint in intervention of preferred right filed against his client, with the costs against the plaintiffs.

"3. The parties having been summoned to a hearing for the submission of evidence, such hearing was had on July 1st last, confession, documentary evidence, and the verification of documents being proposed. Such evidence was declared pertinent by order of the 5th of said month of July and ordered heard, with the citation of the adverse party.

"4. The oral hearing was had on the 17th instant, the date for which it had been set, with the attendance of counsel for the parties, who made their respective arguments, the judgment, which was unanimous, having been voted at a public hearing on the 27th instant fixed therefor, with the costs against the defendants.

"5. The rules of procedure have been observed in the prosecution of these proceedings.

"Associate Judge LUIS MÉNDEZ VAZ delivered the opinion of the court.

"1. From the moment that the priority of two claims against the property of the same debtor is in dispute, it becomes necessary to examine said credits from all legal points of view, to determine which of them is to be preferred.

"2. The credit claimed by the plaintiff is perfectly valid and efficient, because it owes its origin to an action brought by Gavino Garces on behalf of his minor daughter, Julia Gavina Garces, against the present intervenors; which action was dismissed with the costs against the plaintiff.

"3. The claim of Sambolín owes its origin to two promissory notes, dated May 19, 1894, signed by Mrs. Monserrate Lugo, accompanied by

her husband only, both of them being minors when they signed said obligations, as shown by the certificates of baptism, which appear in the record at folios 69 and 70, without the attendance of such execution of the persons called on to perfect their capacity according to the law.

"4. According to article 317 of the Civil Code, an emancipated minor cannot, among other things, borrow money without the consent of his father, and, in the absence of the latter, without that of his mother, and, in the absence of both, without that of his guardian.

"5. Although marriage produces the right of emancipation, it is with the limitations contained in article 59 and subdivision 3 of article 50 of the Civil Code, the last paragraph of the former providing that in no case until he has attained his majority, may the husband borrow money without the consent of his father, mother, or guardian, as the case may be.

"6. Any act in contravention of the provisions of law is void, and, therefore, the notes held by Sambolín, and signed by Mrs. Monserrate Lugo, accompanied by her husband, Gavino Garces, are void, because the signers thereof lacked the capacity necessary to bind themselves when they executed them; and, therefore, said credit, owing to the material defects it contains, can under no circumstances be given preference over that of the intervenor, the claim of the latter having the requisites prescribed by law to make it demandable in court.

"7. Although the defendant has proved by documentary evidence, which appears of record at folio 52, ;that Mrs. Monserrate Lugo, the wife of Gavino Garces, died on January 24, 1895, endeavoring to show thereby that since said date the notes drawn in favor of his client Sambolin were prejudicing third persons, and, consequently, that they were entitled to preference in payment of the claim of the intervenors, such an allegation lacks force and validity in law; because although it is true that the dates of private documents are reckoned with respect to third persons, in other cases, from the date of the death of one of ;the parties thereto, this applies only to obligations which comprise the conditions of validity required by the law, which does not occur in this case.

"8. By virtue of what has heretofore been stated, it is absolutely useless to discuss which of the two notices of attachment is to be given the preference, because it is an incontrovertible principle of our present Mortgage Law that a record, and much less a notice, in the registry of property does not validate acts which are void under the law.

"9. The costs must be taxed against a litigant, all of whose claims have been rejected.

"In view of the articles of the Civil Code cited, and other applicable articles thereof, the articles of the Law of Civil Procedure relating to the case, and General Orders 118 of 1899, we adjudge that we should hold, and we do hold, that the credit of J. Tornabells & Co. and Damián Franceschi, consisting of a final judgment, must be paid in preference to that represented by the notes held by Santiago Sambolín, and that, consequently, payment shall be made from the property attached in the two civil actions brought in the Municipal Court of San German against Gavino Garces, personally and as representing his minor daughter, Carmen Julia, to the plaintiff first, in preference to Sambolín, against whom we tax the costs in conjunction with the other defendant, Gavino Garces, personally and as representing his minor daughter, the said Carmen Julia.

"Thus, by this our final judgment, do we pronounce, order and sign.—J. A. Erwin; Luis Mendez Vaz; R. Roura."

From this judgment Santiago Sambolín and Gavino Garces y Ramírez, the latter in his own name and on behalf of his said minor daughter, Carmen Julia, took an appeal in cassation for an error in law, which was admitted, and the record having been transmitted to this Supreme Court, and the parties cited and summoned, said parties appeared, with the exception of Gavino Garces y Ramírez, who failed to do so within the legal period, on which account the appeal was held to have been abandoned so far as he was concerned  The appeal was prosecuted in the form prescribed by the Act of the Legislative Assembly of this Island of March 12, 1903, establishing this Supreme Court as a court of appeals, and a day was set for the hearing which was had with the attendance of counsel for the parties.

*Mr. Manuel F. Rossy* for appellant.

*Mr. Massari* for respondent.

Mr. Chief Justice Quiñones delivered the opinion of the court.

The findings of fact of the judgment appealed from are accepted.

With regard to the nullity of the notes made by Gavino Garces and Monserrate Lugo, his wife, in favor of Santiago

Sambolín, alleged by the plaintiffs as the only ground for the intervention, it is a juridical principle founded on article 1302 of the former Civil Code (section 1269 of the modern Code), and affirmed by an opinion of the Supreme Court of Spain of April 18, 1901, and other later opinions, that the nullity of contracts may be alleged only by those principally or subsidiarily obligated by virtue thereof, which does not include the intervenors, Damián Franceschi and Tornabells & Co., who were absolutely foreign to the execution of the notes in question, and who are neither principally nor subsidiarily obligated to the payment of said documents.

Although the provisions of article 1302 of the former Civil Code, from which the foregoing doctrine is derived, in providing that "the action for nullity of contracts may be brought by those who are principally or subsidiarily obligated by virtue thereof," does not exclude third persons prejudiced by such obligations from exercising it, as heretofore held by the said Supreme Court of Spain in its opinion of September 23, 1895, and as affirmed by article 1111 of said former Civil Code in providing, among other things, that the creditors may impugn the acts which the debtor may have performed in fraud of their rights, which precept the new Civil Code has also reproduced in its section 1078; but it is indispensable therefor that the debtor prove that there was fraud, or that he was prejudiced by the contract entered into, which has not occurred in this case inasmuch as it has not been alleged that the notes were made to the prejudice of the intervenors, nor could such an allegation have been made, as the notes were drawn five years before the rendition of the judgment by which Gavino Garces was adjudged to pay the costs sought to be recovered from him in this intervention of preferred right.

Therefore, the intervenors not having alleged, apart from the nullity of the notes, which cannot be entertained, any other material ground prescribed by law to permit of their

credit being granted a right of preference over that of Santiago Sambolín, the complaint in intervention of preferred right filed should be dismissed, with the costs of both instances against the intervenors.

In view of the legal provisions cited, we adjudge that we should reverse, and we do reverse, the judgment of September 27, 1902, appealed from, dismissing the complaint in intervention of preferred right filed by Damián Franceschi and Tornabells & Co. against Santiago Sambolín and Gavino Garces, the latter in his own name and representing his minor daughter, Carmen Julia Garces y Lugo, in whose favor the judgment is rendered, with the costs of both instances against the plaintiffs.

*Reversed.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.